# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

---

Daniel J. Campbell,
    Petitioner


       vs                          Case No. 1:05cv487
                                 (Dlott, J.; Hogan, M.J.)


Ernie Moore,
    Respondent

---

## REPORT AND RECOMMENDATION

---


Petitioner, an inmate in state custody at the Lebanon Correctional Institution in Lebanon, Ohio, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  This matter is before the Court on petitioner's motion "to hold proceedings in abeyance until the state court proceedings have been exhausted" (Doc. 13), respondent's response in opposition to the motion (Doc. 14), and petitioner's reply thereto (Doc. 15).


## Procedural Background

On March 19, 2001, the Hamilton County, Ohio, grand jury indicted petitioner

---

[1]The petition, filed on July 15, 2005 in the Eastern Division of this District, was transferred to this Court for all further proceedings on July 19, 2005.  (*See* Doc. 2).

on one count of attempted murder as defined in Ohio Rev. Code §§ 2903.02 and 2923.02(A), and two counts of aggravated arson as defined in Ohio Rev. Code § 2909.02(A). (*See* Doc. 4, Ex. A). After a jury trial, petitioner was acquitted of the attempted murder charge and convicted on the remaining aggravated arson counts. (*Id.,* Ex. B). On August 6, 2001, he was sentenced to consecutive terms of imprisonment totaling eighteen (18) years for the two aggravated arson offenses. (*Id.*).

With the assistance of counsel, petitioner appealed to the Ohio Court of Appeals, First Appellate District. On March 15, 2002, the Court of Appeals reversed the trial court's judgment of conviction based on the improper admission at trial of certain expert testimony found to have amounted to "prejudicial error." (*Id.,* Ex. C). However, because the court further found that there was sufficient evidence in the trial record to support a finding of guilt for aggravated arson, the case was remanded to the trial court for a new trial. (*See id.*).

After a second jury trial, petitioner was again convicted on the two aggravated arson charges. (*See id.,* Ex. G). On December 18, 2002, he was sentenced a second time to consecutive terms of imprisonment totaling eighteen (18) years. (*Id.*).[2]

With the assistance of new counsel, petitioner appealed to the Ohio Court of Appeals, First Appellate District. He claimed as assignments of error that (1) the trial court erred in overruling petitioner's objections to testimony by the State's expert witness; (2) the trial court erred in sentencing him on the two aggravated arson charges, which "should have been merged as offenses of similar import;" (3) the trial court erred in overruling his motion for new trial based on "newly discovered evidence;" (4) the evidence was insufficient to support the jury's finding of guilt on the aggravated arson charges; (5) the jury's findings supporting its guilty verdicts

---

[2]On December 16, 2002, two days before entry of the final "Judgment Entry; Sentence: Incarceration," petitioner's counsel filed a motion for new trial, claiming that the "evidence was not sufficient for the jury to conclude that the State proved aggravated arson beyond a reasonable doubt." (Doc. 4, Ex. H). On January 15, 2003, counsel supplemented the motion with the affidavit of Stuart Gregory, who averred that the arson victim told him that "she did not know what happened and what she said at trial about how she was set on fire by [petitioner] was what they told her happened." (*Id.,* Ex. I). The new trial motion was overruled after a hearing held on January 15, 2003, where the trial judge stated his doubts about Stuart Gregory's credibility and found that "even disregarding all of [the victim's] testimony, there is still enough evidence to convict [petitioner]." (*Id.,* Ex. J; *see also* Vol. 5 Tr. 902-05).

were "contrary to law" and "against the manifest weight of the evidence;" and (6) the sentence imposed "was excessive, did not comply with the sentencing guidelines, and was based on factors outside the guidelines." (*Id.,* Ex. K).

On December 30, 2003, the Ohio Court of Appeals overruled petitioner's assignments of error and affirmed the trial court's judgment. (*Id.,* Ex. M).[3] Petitioner's counsel appealed further to the Ohio Supreme Court, raising the same claims of error that had been presented on direct appeal to the Ohio Court of Appeals. (*Id.,* Ex. N). On April 14, 2004, the Ohio Supreme Court declined jurisdiction to hear the case and dismissed the appeal "as not involving any substantial constitutional question." (*Id.,* Ex. P).

On November 3, 2003, during the pendency of petitioner's appeal before the Ohio Court of Appeals, petitioner filed a *pro se* petition "to vacate or set aside judgment of conviction or sentence" with the trial court. (*Id.,* Ex. Q). In the petition, petitioner, asserted fifteen grounds for relief, including a claim that the State's attorney who prosecuted his second trial should have been disqualified because of his bias and personal interest in the case as well as numerous claims alleging ineffective assistance by trial counsel. (*Id.,* Ex. Q). On February 20, 2004, the trial court denied the petition, based on its conclusions that one of petitioner's claims was "completely unsupported by the record;" that thirteen of the claims were "barred by *res judicata*," and to the extent petitioner alleged ineffective assistance by his appellate counsel in eleven of those claims, by *State v. Murnahan,* 584 N.E.2d 1204 (Ohio 1992); and that petitioner's final claim of "cumulative error" was "without merit." (*Id.,* Ex. U).

Petitioner appealed this decision to the Ohio Court of Appeals, First Appellate District. (*See id.,* Ex. V). On November 24, 2004, the Ohio Court of Appeals affirmed the trial court's judgment. (*Id.,* Ex. Z). On March 16, 2005, petitioner was granted leave to file a delayed appeal to the Ohio Supreme Court. (*See id.,* Brief, p. 8 & Ex. EE, attached Entry). Thereafter, on August 10, 2005, upon consideration of petitioner's subsequently-submitted jurisdictional memoranda, the Ohio Supreme Court denied petitioner leave to appeal and dismissed the appeal "as not involving any substantial constitutional question." (*Id.,* Ex. FF).

_____

[3]Judge Painter, who was on the three-judge panel considering petitioner's appeal, dissented as to the assignment of error challenging the State expert witness's testimony and "reluctantly" concurred with respect to the "allied offense" sentencing issue. (Doc. 4, Ex. M, p. 12).

3

Finally, on April 6, 2005, petitioner filed a *pro se* motion to correct sentence with the trial court, wherein he claimed that his sentence was unconstitutional under the Supreme Court's decision in *Blakely v. Washington,* 542 U.S. 296 (2004). (*Id.,* Ex. GG). The trial court denied the motion on November 7, 2005 "under the authority of *State v. Merriweather* (April 20, 2005), 1st Dist. Case No. C030948, which held that *Blakely v. Washington* is not retroactive." (Doc. 14, Ex. 1).

Petitioner appealed this decision to the Ohio Court of Appeals, First Appellate District. (*See id.,* Exs. 2-4). It appears the appeal is still pending before that court for ruling after placement on the docket for hearing on July 18, 2006. (*See* Doc. 13, attachment).

The instant federal habeas corpus action commenced in July 2005. (*See* Doc. 1). In the petition, petitioner alleges four grounds for relief:

> **Ground One:** Conviction obtained by the unconstitutional failure of the Prosecution to disclose to the defendant evidence favorable to the defendant [stemming in part from the prosecuting attorney's failure to disclose to the defense and to the court evidence that the victim "admitted to l[y]ing" in petitioner's prior trial, which was also prosecuted by that attorney].

> **Ground Two:** Conviction obtained by a violation of the protection against double jeopardy and that time to try the case expired.

> **Ground Three:** Denial of effective assistance of counsel at trial (3 reasons of interest)[: (1) causing the trial judge to state to the jury the substance of the attempted murder charge on which he had been acquitted; (2) failing to investigate or secure witnesses favorable to the defendant[']s showing of actual innocence; and (3) failing to elicit and bring to light witnesses['] testimony properly].

> **Ground Four:** Denial of effective counsel on appeal [stemming from counsel's failure "to argue on appeal the issues of Bias prosecutor, and speedy trial violation, and ineffective counsel at trial where" petitioner "raised the issues pro se in his post-conviction petition which was dismissed Res Judicata and that the issu[e]s should have been raised on direct appeal."]

4

(Doc. 1, pp. 5-6).

Thereafter, respondent filed an "Answer/Return Of Writ" responding to petitioner's allegations, and petitioner submitted a "traverse" brief for filing in response to the return of writ.[4]  (*See* Docs. 4, 11).

On May 12, 2006, petitioner filed the pending motion "to hold proceedings in abeyance." (Doc. 13).  He argues in support of this motion that the petition is a "mixed" petition containing both exhausted and unexhausted claims, and that the instant proceeding should therefore be stayed during the pendency of state proceedings on his "motion to correct sentence" now apparently before the Ohio Court of Appeals for ruling.  (*Id.*).

Respondent opposes petitioner's motion for stay, because petitioner's *Blakely* claim currently pending before the Ohio Court of Appeals has not been asserted as a ground for relief in the instant federal habeas corpus matter. (Doc. 14).  Nevertheless, respondent argues in the return of writ that petitioner has not exhausted the ineffective assistance of appellate counsel claim alleged in Ground Four of the petition, because he has never sought a reopening of his appeal under Ohio R. App. P. 26(B) for consideration of such claim by the state courts.   (Doc. 4, Brief, pp. 18-19).  Respondent contends with respect to this unexhausted claim that under *Rhines v. Weber,* 544 U.S. 269 (2005), "dismissal [of the petition], rather than a stay, is the most appropriate disposition for [petitioner's] habeas petition" because petitioner has not shown "cause" for his failure to exhaust the remedy of a Rule 26(B) reopening application in the state courts.  (*Id.*).

## OPINION

## The "Mixed" Petition Should Be Dismissed Without Prejudice, Rather Than Administratively Stayed, For Failure To Exhaust State Court Remedies

An application for a writ of habeas corpus by a state prisoner shall not be granted unless the petitioner has exhausted his state court remedies, there is an

---

[4]In a separate Order issued this date, petitioner's motion for leave to file the "traverse" brief (Doc. 8) was granted.

absence of available state corrective process, or circumstances exist that render such process ineffective to protect petitioner's rights. 28 U.S.C. § 2254(b)(1). A state defendant with federal constitutional claims is required to first fairly present those claims to the state courts for consideration because of the equal obligation of the state courts to protect constitutional rights of criminal defendants, and in order to prevent needless friction between state and federal courts. *See Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). The United States Supreme Court in *O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999), held that to fulfill the exhaustion requirement "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," which, in Ohio, includes discretionary review in the state's highest court, the Ohio Supreme Court. *See Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir.), *cert. denied,* 474 U.S. 831 (1985).

If the petitioner fails to fairly present his claims through the requisite levels of state appellate review, but still has an avenue open to him in the state courts by which he may present the claims, his petition is subject to dismissal without prejudice for failure to exhaust state remedies. *See* 28 U.S.C. § 2254(c). Although the exhaustion requirement is not jurisdictional, and an application for writ of habeas corpus may be denied on the merits notwithstanding the petitioner's failure to exhaust state remedies, *see* 28 U.S.C. § 2254(b)(2), there is a strong presumption in favor of requiring exhaustion of state remedies. *See Granberry v. Greer,* 481 U.S. 129, 131 (1987). A "mixed" petition containing both unexhausted claims and claims that have been fairly presented to the state courts is subject to dismissal without prejudice on exhaustion grounds. *Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982).

Since the enactment in 1996 of the Antiterrorism and Effective Death Penalty Act (AEDPA), which "preserved *Lundy*'s total exhaustion requirement," but also imposed a one-year statute of limitations on the filing of federal habeas petitions, *Rhines,* 544 U.S. at 275, some federal courts (including the Sixth Circuit) have adopted a "stay-and-abeyance" procedure to ensure habeas review is not precluded in the class of cases where a timely-filed federal habeas petition is dismissed on exhaustion grounds and petitioner subsequently returns to federal court to present his claims in a renewed petition after exhausting his state remedies only to find that his claims are barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1). *See, e.g., Griffin v. Rogers,* 308 F.3d 647, 652 & n.1 (6th Cir.

6

2002); *Palmer v. Carlton,* 276 F.3d 777, 778-81 (6th Cir. 2002).[5]

Recently, the Supreme Court affirmed that district courts have the discretion to issue stays in habeas cases, but that such discretion is circumscribed to the extent it must "be compatible with AEDPA's purposes." *Rhines v. Weber,* 544 U.S. 269, 276 (2005). The Court pointed out that one of the AEDPA's purposes is to "reduce delays in the execution of state and federal criminal sentences" based on the "well-recognized interest in the finality of state judgments." *Id.* (quoting *Woodford v. Garceau,* 538 U.S. 202, 206 (2003), and *Duncan v. Walker,* 533 U.S. 167, 179 (2001)). In addition, the AEDPA's statute of limitations tolling provision was intended to "reinforce[] the importance of *Lundy*'s "simple and clear instruction to potential litigants: before you bring any claims in federal court, be sure that you first have taken each one to state court." *Id.* at 276-77 (quoting *Lundy,* 455 U.S. at 520).

The Court went on to determine that:

Stay and abeyance, if employed too frequently, has the potential to undermine these twin purposes. Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. . . .

For these reasons, stay and abeyance should be available only in limited circumstances.

_____

[5]This stay-and-abeyance approach was first suggested by Justice Stevens in a concurring opinion joined by Justice Souter in *Duncan v. Walker,* 533 U.S. 167 (2001). In *Duncan,* the Supreme Court held that a federal habeas corpus petition is not an "application for State post-conviction or other collateral review" that serves to toll the one-year limitations period under 28 U.S.C. § 2244(d)(2). In his concurring opinion, Justice Stevens indicated that the equitable powers of the federal court may be employed in such a situation to toll the statute of limitations for "the class of petitioners whose timely filed habeas petitions remain pending in district court past the limitations period, only to be dismissed after the court belatedly realizes that one or more claims have not been exhausted." *Duncan,* 533 U.S. at 184. The justice suggested that the district court either stay the original habeas proceeding until petitioner exhausts his state court remedies or deem the limitations period tolled for the first habeas petition. *Id.* at 182-83.

7

*Id.* at 277.

The Court held that stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," and that, "even if a petitioner had good cause for that failure," it would be an abuse of discretion for the court to grant a stay where the unexhausted claims "are plainly meritless" or the "petitioner engages in abusive litigation tactics or intentional delay." *Id.* at 277-78. However, on the other hand, "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

In this case, as respondent has pointed out, petitioner has not alleged as a ground for federal habeas relief that the sentence imposed by the trial court violated his constitutional rights under the Supreme Court's *Blakely* decision. Therefore, it does not appear that the pending state appeal, from the denial of petitioner's motion to correct sentence raising such a claim, triggers any exhaustion concerns. *Cf. Razo v. Bradshaw,* No. 1:05cv1106, 2006 WL 1805896, at *2 (N.D. Ohio June 29, 2006) (unpublished) (stay-and-abeyance procedure for exhaustion purposes not available with respect to claims not included in a habeas petition, which contained only exhausted grounds for relief).[6]

---

[6]In any event, assuming, *arguendo,* petitioner had alleged a *Blakely* violation as a ground for relief, the Court would not recommend a stay-and-abeyance based on the non-exhaustion of such claim. Although the Ohio Supreme Court recently held in *State v. Foster,* 845 N.E.2d 470 (Ohio 2006), *petition for cert. filed,* No. 06-5969 (U.S. July 11, 2006), that Ohio's sentencing laws violate the Sixth Amendment in light of *Blakely*, that decision extends only to cases that were still "pending on direct review." *See id.* at 499. The Sixth Circuit has held that *Blakely* and its progeny do not apply retroactively in collateral proceedings after a conviction has become final on direct appeal. *See, e.g., Humphress v. United States,* 398 F.3d 855, 860-63 (6th Cir.), *cert. denied,* 126 S.Ct. 199 (2005); *cf. Spiridigliozzi v. United States,* 117 Fed.Appx. 385, 394 (6th Cir. Nov. 15, 2004) (not published in Federal Reporter). Because petitioner's direct appeal concluded before *Foster* or *Blakely* were decided, a stay for such a "plainly meritless" claim would not be appropriate under *Rhines,* 544 U.S. at 277. *Cf. Williams v. Hurley,* No. 2:05-cv-985, 2006 WL 1650771, at *11 (S.D. Ohio June 6, 2006) (Report & Recommendation) (King, M.J.) (petitioner's unexhausted *Blakely* claim, then pending before the trial court for ruling on a motion for modification and correction of sentence, was subject to dismissal without prejudice, rather than stay-and-abeyance, in part because the claim appeared to be "plainly without merit"), *adopted,* 2006 WL 1804550 (S.D. Ohio June 28, 2006) (Holschuh, J.) (unpublished).

However, as respondent also has contended, the record does reflect that petitioner has not exhausted the ineffective assistance of appellate counsel claim alleged in Ground Four of the petition, because he has never filed an application to reopen his appeal pursuant to Ohio R. App. P. 26(B) with the Ohio Court of Appeals.[7] Although the time period for filing a timely Rule 26(B) application has expired, petitioner still may obtain review of a delayed application to reopen his appeal based on a claim of ineffective assistance of appellate counsel if he is able to demonstrate "good cause" for the late filing. *See* Ohio R. App. P. 26(B). *Cf. Noland v. Hurley,* No. 2:05cv682, 2006 WL 1580139, at *7-8 (S.D. Ohio Mar. 21, 2006) (Report & Recommendation) (Abel, M.J.), *adopted and aff'd,* 2006 WL 1489705 (S.D. Ohio May 26, 2006) (Marbley, J.) (unpublished).

It thus appears that the petition is a "mixed" petition containing both exhausted, but arguably procedurally-defaulted, claims and an unexhausted ineffective assistance of appellate counsel claim. Therefore, the Court must next consider whether a stay of the proceedings, as petitioner has requested, is appropriate, or whether the petition is subject to dismissal, as respondent has argued in the return of writ.

As discussed above, *see supra* pp. 7-8, under *Rhines,* 544 U.S. at 277, stay and abeyance is only appropriate if "good cause" is found for the petitioner's failure to exhaust his ineffective assistance of appellate counsel claim first in the state courts. In the absence of clear guidance from the Supreme Court, the federal courts have differed as to what constitutes good cause within the meaning of *Rhines* for failing to

---

[7]It is further noted that petitioner faces a significant waiver hurdle, because he did not present any of his grounds for relief to the state courts on direct appeal. Petitioner raised at least some claims to the state courts in his *pro se* petition for state post-conviction relief. However, the courts rejected many of these post-conviction claims on arguably adequate and independent state procedural grounds (*see* Doc. 4, Exs. U, Z), which may constitute a bar to federal habeas review in this case. *See, e.g., Harris v. Reed,* 489 U.S. 255, 260-62 (1989). Petitioner essentially contends in Ground Four that his appellate counsel was ineffective because she failed to assert the claims alleged in Grounds One through Three on direct appeal. (*See* Doc. 1, p. 6). Ineffective assistance of appellate counsel may constitute "cause" sufficient to overcome a state procedural bar. *See, e.g. Edwards v. Carpenter,* 529 U.S. 446, 451 (2000) (citing *Murray v. Carrier,* 477 U.S. 478, 488-89 (1986)). However, such claim must have been presented to the state courts, and cannot itself be procedurally defaulted. *Id.* at 452-53. Therefore, in order to make this "cause" argument with respect to his first three grounds for relief, petitioner first must exhaust the ineffective assistance of appellate counsel claim alleged in Ground Four in the state courts.

exhaust state court remedies.  *See, e.g., Williams v. Hurley,* No. 2:05-cv-985, 2006 WL 1650771, at *10-11 (S.D. Ohio June 6, 2006) (Report & Recommendation) (King, M.J.) (discussing splits in authority as to whether "cause standard of *Rhines* requires a lesser showing than that for procedural default" and whether ineffective assistance of counsel during state post-conviction proceedings may constitute "good cause for failure to exhaust claims in state proceedings"), *adopted,* 2006 WL 1804550 (S.D. Ohio June 28, 2006) (Holschuh, J.) (unpublished).  In *Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005), the Supreme Court stated only that a "petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file" a petition containing unexhausted claims in the federal court.

This Court has serious concerns as to whether "good cause" can be established here given that petitioner has long been on notice that the remedy of an application for delayed reopening of the appeal remains available for him to pursue his ineffective assistance of appellate counsel claim.  Specifically, the trial court indicated in its February 20, 2004 decision denying petitioner's application for state post-conviction relief that the appropriate remedy for ineffective assistance of appellate counsel claims is by way of a *Murnahan* motion to the Ohio Court of Appeals.  (*See* Doc. 4, Ex. U). Moreover, in the return of writ filed nearly a year ago in this case, respondent explicitly pointed out that petitioner may file an untimely Rule 26(B) application to reopen his appeal with the Ohio Court of Appeals in order to exhaust his ineffective assistance of appellate counsel claim.  (*See id.,* Brief, pp. 18-19).  Despite such notice, petitioner has yet to attempt to reopen his appeal in the state courts.

Most importantly, even assuming that petitioner were unaware of or reasonably confused about the availability of the reopening remedy, this case does not trigger concerns about any statute-of-limitations bar to a renewed petition, which is the reason for using the stay-and-abey procedure in the first place for "mixed" petitions.

Here, the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A) governs petitioner's claims for habeas relief, which all stem from alleged errors that occurred and were discoverable at the time of petitioner's second trial and before the conclusion of the direct appeal proceedings after that trial.  Under § 2244(d)(1)(A), the statute begins to run when the judgment of conviction becomes "final" by the conclusion of direct review or the expiration of time for seeking such review. Moreover, under the tolling provision set forth in § 2244(d)(2), the statute is tolled during the pendency of a properly-filed state post-conviction petition or other collateral review proceeding.

It appears from the record that petitioner timely appealed his December 18, 2002 conviction and sentence after retrial to the Ohio Court of Appeals and the Ohio Supreme Court. The Ohio Supreme Court denied review on April 14, 2004. Although it appears that petitioner did not petition the United States Supreme Court for a writ of certiorari, the ninety-day period in which he could have done so is counted for purposes of determining the finality of his conviction under § 2244(d)(1)(A). *See Bronaugh v. Ohio,* 235 F.3d 280, 283 (6th Cir. 2000).

On November 3, 2003, during the pendency of the direct appeal proceedings, petitioner filed a *pro se* petition for post-conviction relief, which served to toll the running of the statute of limitations under 28 U.S.C. § 2244(d)(2) after the ninety-day period expired for filing a petition for writ of certiorari from the Ohio Supreme Court's April 14, 2004 entry. The statute remained tolled through November 24, 2004, the date the Ohio Court of Appeals affirmed the trial court's denial of post-conviction relief.

The statute of limitations commenced running on January 9, 2005, the day after the 45-day period for filing a timely appeal to the Ohio Supreme Court expired,[8] *see* Fed. R. Civ. P. 6(a); *Bronaugh,* 235 F.3d at 285, but was tolled again soon thereafter when petitioner filed his motion for delayed appeal to the Ohio Supreme Court. The Court is unable to determine from the present record the exact date petitioner filed his motion for delayed appeal with the Ohio Supreme Court. However, it is clear from the record that the statute ran for only a brief period of time, because on March 16, 2005 (only 65 days after the expiration of the 45-day period for filing a timely appeal), the Ohio Supreme Court granted petitioner's delayed appeal motion.

The statute of limitations has not commenced running again since petitioner filed his delayed appeal motion with the Ohio Supreme Court sometime within that 65-day period. Although the Ohio Supreme Court issued its final ruling in the state post-conviction matter on August 10, 2005, petitioner filed a motion to correct sentence on April 6, 2005, which is currently pending on appeal before the Ohio Court of Appeals and thus has served to continue the tolling of the limitations period to the

---

[8]*Cf. Abela v. Martin,* 348 F.3d 164, 172-73 (6th Cir. 2003) (en banc) (90-day period in which petitioner could have filed a petition for writ of certiorari to the United States Supreme Court factors into the tolling of the limitations period under 28 U.S.C. § 2244(d)(2)), *cert. denied,* 541 U.S. 1070 (2004). *But see Lawrence v. Florida,* 421 F.3d 1221, 1224-25 & n.1 (11th Cir. 2005), *cert. granted,* 126 U.S. 1625 (2006).

present time. *Cf. Walker v. Smith,* 360 F.3d 561, 563 (6th Cir. 2004) (Michigan prisoner's motion to correct sentence was "properly filed," and thus warranted tolling of the limitations period under 28 U.S.C. § 2244(d)(2)); *Nix v. Secretary for Dep't of Corrections,* 393 F.3d 1235, 1237 (11th Cir. 2004) (per curiam) (one-year limitations period should have been tolled during the time in which the state prisoner appealed the denial of his motion to correct sentence), *cert. denied,* 125 S.Ct. 2908 (2005).

Accordingly, it appears from the present record that the one-year statute of limitations governing petitioner's habeas claims is presently tolled and has only run for a brief period of time, with more than 300 days remaining in it for the filing of a timely federal habeas petition.

Because the statute of limitations has not run for long in this case, and in fact is tolled at the present time, petitioner "is not in danger of running afoul of [it] so long as he diligently pursues his state court remed[y]" of a delayed reopening application to the Ohio Court of Appeals. *Cf. Mingo v. Michigan,* No. 1:06-CV-24, 2006 WL 151901, at *3 (W.D. Mich. Jan. 18, 2006) (unpublished). Therefore, the interest that the "stay-and-abeyance" approach was designed to protect–i.e., ensuring that petitioner will not be foreclosed by the statute of limitations from obtaining federal habeas review of his non-time-barred claims–is not implicated here.[9] In the absence

_____

[9]An argument can be made that a statute of limitations issue may arise if the Ohio Court of Appeals delays in ruling on any application for delayed reopening that is promptly filed by petitioner and then ultimately decides that the application should be denied on timeliness grounds. In *Pace,* 544 U.S. at 413, the Supreme Court confirmed that a state post-conviction petition rejected by the state courts on timeliness grounds is not "properly filed" within the meaning of the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2). Since *Pace,* statutory tolling of the statute of limitations has not been permitted in cases where the Ohio courts have denied untimely-filed applications for reopening based on the applicant's failure to show "good cause" for the delay in filing. *See, e.g., Gorman v. Brunsman,* No. 1:03CV865-SJD, 2006 WL 1645066, at *8 (S.D. Ohio June 7, 2006) (unpublished) (adopting Report & Recommendation); *Taylor v. Wolfe,* No. 3:04CV7514, 2005 WL 2211155, at *5 (N.D. Ohio July 6, 2005) (Limbert, M.J.) (Report and Recommendation), *adopted,* 2005 WL 2205292 (N.D. Ohio Sept. 7, 2005) (Gaughan, J.) (unpublished); *Cunningham v. Jeffries,* No. 3:05CV208, 2005 WL 1378797, at *2 (S.D. Ohio June 7, 2005) (Merz, M.J.) (Report and Recommendation), *and* 2005 WL 1657129, at *1 (S.D. Ohio July 14, 2005) (Merz, M.J.) (Supplemental Report and Recommendation), *adopted,* 2005 WL 2176955 (S.D. Ohio Sept. 2, 2005) (Rose, J.) (unpublished); *cf. Engel v. Hendricks,* 153 Fed.Appx. 111, 112-13 (3rd Cir. Oct. 31, 2005) (not published in Federal Reporter). However, at this point in time, the potential statute of limitations issue is purely speculative. If such a scenario should present itself in the future with respect to

of any showing that a stay is necessary to protect petitioner's ability to file a future habeas petition, petitioner is unable to demonstrate "good cause" for his failure to first exhaust his state remedies before commencing the instant action.

In *Mingo, supra,* 2006 WL 151901, at *3, the district court summarily dismissed a "mixed" habeas petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, due to the petitioner's failure to exhaust available state remedies.  In that case, the court concluded a summary dismissal was appropriate and a stay of the proceedings was not warranted because the petitioner had more than a year remaining in the limitations period to file a timely federal habeas petition.  *See id.*

This Court is similarly persuaded that a stay is not warranted under the circumstances presented here and that the "mixed" petition containing both unexhausted and exhausted claims should be dismissed without prejudice to refiling after petitioner has exhausted the remedy of a delayed application for reopening of his appeal under Ohio R. App. P. 26(B), as well as the currently pending appeal from the denial of his motion to correct sentence.

Accordingly, it is RECOMMENDED that petitioner's motion to hold the instant proceedings "in abeyance" (Doc. 13) be DENIED, and that petitioner's petition for writ of habeas corpus (Doc. 1) be DISMISSED without prejudice to refiling after petitioner exhausts the available state court remedies discussed herein.

## IT IS THEREFORE RECOMMENDED THAT:

1.    Petitioner's motion "to hold proceedings in abeyance" (Doc. 13) be DENIED.

2.  Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be DISMISSED without prejudice to refiling after petitioner has exhausted the available remedy of a delayed application to reopen his appeal pursuant to Ohio R. App. P. 26(B), in addition to the currently pending appeal from the denial of his

---

petitioner's unexhausted ineffective assistance of appellate counsel claim, petitioner may re-file his federal habeas petition at that time before the statute of limitations has run its course, with a motion to hold the case in abeyance in order to prevent his petition from being time-barred.

motion to correct sentence, through the requisite levels of state court review.

     3.  A certificate of appealability should not issue under the standard set forth in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), because "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling that petitioner has failed to exhaust state remedies and that this case should be dismissed without prejudice pending exhaustion of such remedies.[10] *Cf. Mingo, supra,* 2006 WL 151901, at \*4.

     3.  With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore DENY petitioner leave to appeal *in forma pauperis.  See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).


Date:  8/30/2006              s/Timothy S. Hogan
      cbc                            Timothy S. Hogan
                                United States Magistrate Judge

J:\BRYANCC\2006 habeas orders\05-487staymtn-deny.exh-dism-delappreopen.wpd

---

[10]Because this Court finds the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated viable constitutional claims for relief in his habeas petition.  *See Slack,* 529 U.S. at 484.

14

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

_____

Daniel J. Campbell,
      Petitioner

      vs.                       Case No. 1:05cv487
                                   (Dlott, J.; Hogan, M.J.)

Ernie Moore,
      Respondent

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled action. Pursuant to Fed. R. Civ. P. 72(b), any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof.   Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s).  Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections.  *See* Fed. R. Civ. P. 72(b).  A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal.  *See Thomas v. Arn,* 474  U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

1:05cv 487     Doc.18

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____  ☐ Agent  ☐ Addressee |
| | B. Received by (*Printed Name*)  C. Date of Delivery |
| 1. Article Addressed to:<br><br>Daniel Campbell #A414-307<br>Lebanon Corr. Inst.<br>PO Box 56<br>Lebanon, OH 45036 | D. Is delivery address different from item 1?  ☐ Yes<br>If YES, enter delivery address below:  ☐ No |
| | 3. Service Type<br>☑ Certified Mail  ☐ Express Mail<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D. |
| | 4. Restricted Delivery? (*Extra Fee*)  ☐ Yes |
| 2. Article Number<br>(*Transfer from service label*) | 7002 0860 0006 5230 5110 |
| PS Form 3811, August 2001 | Domestic Return Receipt  102595-02-M-0835 |